**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **SENTINEL INS. CO. LTD.** <br> One Hartford Plaza <br> Hartford, CT 06155 <br><br> **Plaintiff,** <br><br> v. <br><br> **NIKO PAPALOIZOU** <br> 3207 Groveton Street <br> Alexandria, VA 22306 <br><br> And <br><br> **TAVERNA, INC.** <br> 818 King Street <br> Alexandria, VA 22314 <br> SERVE:  Registered Agent <br> Christos Papaloizou <br> 818 King Street <br> Alexandria, VA 22314 <br><br> **Defendants.** | * <br> * <br> * <br> * <br> * <br> *   CIVIL ACTION NO.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to 28 U.S.C. § 2201 and FED R. CIV. P. 57, Plaintiff, Sentinel Insurance Company, Ltd. ("Sentinel"), through undersigned counsel, brings this action for a declaratory judgment against Defendants, Niko Papaloizou ("Papaloizou"), and Taverna, Inc. ("Taverna"), and alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment brought pursuant to FED R. CIV. P. 57 and 28 U.S.C. § 2201 to declare the rights and other legal relations between Sentinel and

Defendants surrounding questions of actual controversy that presently exists between Sentinel and Defendants of such immediacy that the Court must declare the rights of the Parties.

2. The Parties have an interest in this Court's resolution of their dispute regarding whether Sentinel owes uninsured/underinsured motorist ("UM/UIM") coverage to Papaloizou under Sentinel's commercial auto insurance policy, No. 42-UEC-NN8161 ("Sentinel Policy") issued to Taverna. A true and accurate copy of the Policy, which was in full force and effect at the time of the accident at issue, is attached as Exhibit 1.

3. On April 1, 2019, Niko Papaloizou ("Papaloizou") filed suit against Larry Eugene Smith ("Smith"), *Niko Papaloizou v. Larry Eugene Smith*, Case No. 2019-00426 ("Underlying Action"), in the Circuit Court of Fairfax County, Virginia, for personal injuries arising out of a vehicle accident that occurred on February 7, 2019. Exhibit 2, Papaloizou Complaint, Case No. CL19-00426. Papaloizou alleges that Smith negligently drove a 1992 Honda Sedan into the open door of a parked 200 Mercedes ML320 that Papaloizou was exiting. *Id.* Papaloizou seeks compensatory damages, interest, and court costs in the amount of $2,000,000.00. *Id.*

4. In the Underlying Action, Papaloizou alleges that he was covered by an UM/UIM policy issued by Progressive Gulf Insurance Company to Papaloizou. Exhibit 2, Papaloizou Complaint, at ¶ 12.

5. On March 6, 2019, Papaloizou also served Sentinel as a potential UM/UIM carrier with suit papers pursuant to Va. Code Ann. § 38.2-2206(F), seeking coverage under Taverna's Sentinel Policy.

6. On April 9, 2019, Sentinel filed an Answer and Grounds of Defense denying that it owes any UM/UIM coverage to Papaloizou.

7. Sentinel now requests that this Court declare that the Sentinel Policy does not provide UM/UIM coverage for the injuries and damages claimed by Papaloizou in the Underlying Action.

## THE PARTIES

8. At all relevant times, Sentinel was and is a corporation organized and existing under the laws of Connecticut, having its principal place of business in Hartford, Connecticut.

9. At all relevant times, Papaloizou was and is a resident of Virginia. Papaloizou is the Plaintiff in the Underlying Action.

10. At all relevant times, Taverna was and is a corporation, organized and existing under the laws of Virginia, having its principal place of business in Alexandria, Virginia. Taverna is the named insured on the Sentinel Policy.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. The venue of this action is properly predicated on 28 U.S.C. § 1391(b) in that Jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district and division in which the Defendants reside or conduct business, and in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF THE CASE

13. Taverna is the only insured named in the Sentinel Policy. Exhibit 1.

14. The Sentinel Policy lists two vehicles on the "Schedule of Covered Autos": a 2011 Jaguar convertible (VIN # SAJWA4GB5BLB42792) and a 2015 Cadillac Escalade (VIN # 1GYS4SKJ1FR532547).  Exhibit 1, Declarations Page, Item 3.

15. The Sentinel Policy's "Schedule of Coverages and Covered Autos" assigns UM/UIM coverage only to "Symbol 02" vehicles.  Exhibit 1, Declarations Page, Item 2.  "Symbol 02" is defined in the Sentinel Policy as follows:

| | |
|---|---|
| Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |

Exhibit 1, Business Auto Coverage Form (form CA 00 01 10 01), at p. 1.

16. The Sentinel Policy contains an Underinsured Motorist Endorsement (Virginia), which provides, in relevant part:

**A. Words and Phrases With Special Meaning**

1. "You" and "your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.

\*   \*   \*

6. "Covered auto" means a motor vehicle, or a "temporary substitute", with respect to which the "bodily injury" or "property damage" liability coverage of the policy applies.

7. "Family member" means a person related to "you" by blood, marriage or adoption who is a resident of "your" household, including a ward or foster child.

\*   \*   \*

**B. We Will Pay**

"We" will pay in accordance with the Virginia Uninsured Motorists Law, all sums the "insured" is legally entitled to recover as damages from the owner or operator of an "uninsured motor vehicle".

\*   \*   \*

**D. Who Is Insured**

    1. "You" or any "family member".

    2. Anyone else "occupying" a "covered auto".

<u>Exhibit 1</u>, Uninsured Motorists Endorsement (Virginia), form CA 21 21 11 02, at pp. 1, 2. [1]

    17.    Papaloizou is not a named insured on the Sentinel Policy. <u>Exhibit 1</u>, Declarations. *Bratton v. Selective Ins. Co. of Am.,* 290 Va. 314, 341 (2015) ("where … the named insured is an employer, employees cannot be judicially deemed de facto named insureds"); *Ins. Co. of N. Am. v. Perry,* 204 Va. 833, 836 (1964) (to stretch the coverage of the policy to include every employee of the named insured "would be to rewrite the policy, to make a new contract for the parties")

    18.    Papaloizou is not a "family member", as defined in the Sentinel Policy, because Taverna is a corporation and cannot have family members. *Grossberg v. Travelers Indem. Co. of Am.*, 825 F. Supp. 2d 717, 722 (E.D. Va. 2011) (the relative of owners of a family-owned corporation was not entitled to UM/UIM coverage under the corporation's policy because he was not a named insured, and "a corporation cannot have family members"); *Elkins v. Erie Ins. Exch.*, 77 Va. Cir. 344, 344 (Cir. Ct. 2008) ("If an insurance policy that covers a corporation refers to the corporation's family, the reference to family is superfluous and void and does not render the policy ambiguous"); *accord Parnell v. Nationwide Mut. Ins. Co.,* 46 Va. Cir. 232, 233 (1998) (granting declaratory judgment in favor of the insurer under an UM/UIM endorsement with identical language, because the plaintiff could not qualify as a family member of the insured corporation).

    19.    Papaloizou is not insured as "anyone else occupying a covered auto," because he was not occupying either of the vehicles listed on the Sentinel Policy, namely the 2011 Jaguar

---

[1] Sentinel's Underinsured Motorist Endorsement (Virginia) is identical to the form required by the State Corporation Commission. *See* https://www.scc.virginia.gov/boi/co/pc/auto/ca/CA21211102.

convertible or the 2015 Cadillac Escalade, at the time of the accident. <u>Exhibit 1</u>, Declarations Page, Item 3.  <u>Exhibit 2</u>, Papaloizou Complaint, at ¶ 6.

WHEREFORE Plaintiff, Sentinel Insurance Company, Ltd., respectfully requests that this Court enter a judgment, declaring:

A.  The Sentinel Policy does not provide UM/UIM coverage to Papaloizou for the injuries and damages alleged in the Underlying Action;

B.  That consequently, Sentinel need not participate further in the Underlying Action, and;

C.  That Sentinel is entitled to such other and further relief as this Court deems appropriate.

**SENTINEL INSURANCE COMPANY, LTD.**

By:   /s/ Jessica E. Pak
GEORGE E. REEDE, JR. (VSB No. 78968)
JESSICA E. PAK (VSB No. 86732)
NILES, BARTON & WILMER, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300 (telephone)
(410) 783-6363 (facsimile)
gereede@nilesbarton.com
jepak@nilesbarton.com
*Counsel for Sentinel Ins. Co., Ltd.*